# No. 3426.

## (Court of Appeal, Parish of Orleans.)

## MRS. MATTIE WALKER, Wife of Harry S. White vs THE METROPOLITIAN LIFE INSURANCE CO. of N. Y.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division D.

E. A. Parsons and Geo. B. Smart, Plaintiff and Appellee.

Howe, Spencer and Cocke, Defendant and Appellant.

DUFOUR, J. The plaintiff sues to recover the amount of two policies of insurance upon the life of her husband, dated respectively October 14th, 1901, and February 17th, 1902.

The defence is that the assured warranted that he had not, prior to the dates of said policies, had any pulmonary disease, and that the assured was not in sound health at the dates of the policies, but was on said dates suffering from consumption and pulmonary disease, which subsequently caused his death, and' by reason thereof the said policies were and are void *ab initio*.

At the argument several interesting questions of law were argued, but at itsconclusion it was clearly understood by Court and Counsel that the case resolved itself into the sole question of fact, as to whether or not the deceased had pulmonary trouble at the time the policies were issued. The defendant introduced several witnesses to prove that fact.

Dr. Martin, of Mobile, says that when he treated the insured in 1901 he found well marked symptoms of tuberculosis, though he could not say how long he had been suffering from that disease. On subsequent examination he admitted that the real date was February 12th, 1902.

Dr. Caire says he treated the deceased for lung trouble about September 1901 and for malaria for about one year previously, yet he adds that he had *phthisis pulmenalis* for one year preceeding that September. His statement that he had so informed the family is denied by three of its members. His memory does not appear to be very accurate and his records had been destroyed previous to his testifying.

Dr. Richard attended the deceased on the day before his death, August 26th, 1902, and says he died of consumption and that a lady

whose name he did not know told him the deceased had been sick for a year. He adds he saw him twice only and in the space of three hours, that he never expected to have any questions asked about him and did not really pay much attention to the case.

After these witnesses had been heard, the plaintiff by subpoena duces tecum called for the production of the report of the defendant's examiner which reads as follows:

I have this 2nd, day of February 1902 personally seen and examined the life proposed for insurance, and saw the signature made on preceding page, and am of the opinion that said life is in good health; and that said Life's constitution is good. I find the pecuniary circumstances and hygienic surroundings satisfactory, and the insurance applied for in good faith with the purpose of being continued. I therefore recommend said life to be accepted as first class.

(Signed)     B. A. LEDBETTER.

Examining Physician's Signature.

After satisfying himself of the identity of the proposed insured."

Whereupon defendant deemed it advisable to use him as a witness.

He testified that it would have been impossible for him to have passed as a good risk a man who had been suffering from consumption for the length of time claimed, that the man he examined was not so affected, that the examination he made by auscultation and percussion was to the best of his ability and in his opinion the risk was a good one to take.

The judge of the lower Court adopted Dr. Ledbetter's view and we concur in this conclusion. The other physicians testified in rather a vague manner, and two years or so after their connection with the case. Dr. Ledbetter corroborated in every respect the report he had made at the time, based on two examinations intended particularly to ascertain the condition of the risk, and, his integrity and talent not being disputed, he must be credited with the exercise of care in the discharge of his duty to his client. The effort to prove that the the deceased was not the man examined failed signally; Dr. Ledbetter admits that the party examined signed the application in his presence, and this signature is abundantly shown to be that of the deceased.

Judgment affirmed.